IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAOMI K. TEVES-VALDEZ, Individually and as Personal Representative of the Estate of ERIKA J. TEVES-VALDEZ, Deceased; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CROMAN CORPORATION (CROMAN CORP.); et al., <br><br> Defendants. | CIVIL NO. 24-00018 MWJS-WRP <br> CIVIL NO. 24-00032 MWJS-WRP <br> CONSOLIDATED |
| NAOMI K. TEVES-VALDEZ, Individually and as Personal Representative of the Estate of ERIKA J. TEVES-VALDEZ, Deceased; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SIKORSKY AIRCRAFT CORPORATION <br><br> Defendant. | CIVIL NO. 24-00076 MWJS-WRP <br> CIVIL NO. 24-00080 MWJS-WRP <br> CONSOLIDATED <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF NAOMI TEVES-VALDEZ AND PLAINTIFF MELISSA HESIA'S MOTIONS FOR APPROVAL OF MINOR'S COMPROMISE |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF NAOMI
TEVES-VALDEZ AND PLAINTIFF MELISSA HESIA'S
MOTIONS FOR APPROVAL OF MINOR'S COMPROMISE

Before the Court are Plaintiff Naomi Teves-Valdez and Plaintiff

Melissa Hesia's Motions for Approval of Minor's Compromise, which were filed

in each of four actions pending before this Court: <u>Naomi K. Teves-Valdez, et al. v. Croman Corporation, et al.</u>, No. 1:24-cv-00018-MWJS-WRP (consolidated with <u>Michelle Maurice v. United States of America, et al.</u>, No. 1:24-cv-00032-MWJS-WRP); and <u>Naomi K. Teves-Valdez, et al. v. Sikorsky Aircraft Corporation</u>, No. 1:24-cv-00076-MWJS-WRP (consolidated with <u>Michelle Maurice v. United States of America, et al.</u>, No. 1:24-cv-00032-MWJS-WRP).[1]

Plaintiff Hesia's Motion was filed on December 3, 2024, and Plaintiff Teves-Valdez's Motion was filed on December 12, 2024. Motions, ECF Nos. 75 and 78. Defendant United States of America (United States) filed Non-

---

[1] Plaintiff Naomi Teves-Valdez's Motions to Approve Minor Settlements are identified by the following ECF Nos. in each case: ECF No. 78 in Civ. No. 1:24-cv-00018-MWJS-WRP; ECF No. 59 in Civ. No. 1:24-cv-00032-MWJS-WRP; ECF No. 51 in Civ. No. 1:24-cv-00076-MWJS-WRP; and ECF No. 36 in Civ. No. 1:24-cv-00080-MWJS-WRP. Since each of these motions are nearly identical, the Court will refer to them as "Plaintiff Teves-Valdez's Motion" and will cite only to ECF No. 78 filed in Civ. No. 1:24-cv-00018-MWJS-WRP throughout this Order.

Plaintiff Melissa Hesia's Motions for Approval of Minor's Compromise are identified by the following ECF Nos. in each case: ECF No. 75 in Civ. No. 1:24-cv-00018-MWJS-WRP; ECF No. 56 in Civ. No. 1:24-cv-00032-MWJS-WRP; ECF No. 48 in Civ. No. 1:24-cv-00076-MWJS-WRP; and ECF No. 33 in Civ. No. 1:24-cv-00080-MWJS-WRP. Since each of these motions are nearly identical, the Court will refer to them as "Plaintiff Hesia's Motion" and will cite only to ECF No. 75 filed in Civ. No. 1:24-cv-00018-MWJS-WRP throughout this Order.

Collectively, Plaintiff Teves-Valdez's Motion and Plaintiff Hesia's Motion will be referred to as the "Motions."

Oppositions on December 17, 2024.[2]  Defendant Croman Corporation (Croman) and Defendant Sikorsky Aircraft Corporation (Sikorsky) filed Non-Oppositions on December 18, 2024.[3]  Plaintiff Hesia filed Reply Memoranda on December 19, 2024.[4]

The Court finds these Motions suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Motions be GRANTED.[5]

---

[2] Defendant United States' Non-Oppositions are identified by the following ECF Nos. in the following cases: ECF Nos. 80, 81 in Civ. No. 1:24-cv-00018-MWJS-WRP; ECF Nos. 61, 62 in Civ. No. 1:24-cv-00032-MWJS-WRP.

[3] Defendant Croman's Non-Oppositions are identified by the following ECF Nos. in the following cases: ECF Nos. 82, 83 in Civ. No. 1:24-cv-00018-MWJS-WRP; ECF Nos. 63, 64 in Civ. No. 1:24-cv-00032-MWJS-WRP.

Defendant Sikorsky's Non-Oppositions are identified by the following ECF Nos. in the following cases: ECF Nos. 53, 54 in Civ. No. 1:24-cv-00076-MWJS-WRP; ECF Nos. 38, 39 in Civ. No. 1:24-cv-00080-MWJS-WRP.

[4] Plaintiff Hesia's Reply Memoranda are identified by the following ECF Nos. in each case: ECF No. 84 in Civ. No. 1:24-cv-00018-MWJS-WRP; ECF No. 65 in Civ. No. 1:24-cv-00032-MWJS-WRP; ECF No. 55 in Civ. No. 1:24-cv-00076-MWJS-WRP; and ECF No. 40 in Civ. No. 1:24-cv-00080-MWJS-WRP.

[5] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

BACKGROUND

The four cases at issue arise from the crash of a Sikorsky "Sea King" helicopter.  See Teves-Valdez Mot., ECF No. 78-1 at 9.  The helicopter was designed and manufactured by Defendant Sikorsky.  See id. at 10.  Defendant Croman owned and operated the helicopter and was the employer of those onboard.  See id.  The helicopter's final mission was performed for Defendant United States.  See id.

The crash occurred on February 22, 2022 during a mission from the Pacific Missile Range Facility at Barking Sands Naval Air Station Kauai.  See id. at 9.  The helicopter was returning to Barking Sands with a torpedo it had retrieved for the United States Navy from ocean waters 45 miles offshore, when it "suddenly pitched forward during its final approach and crashed nose first into the tarmac just inshore of the beach[.]"  See id.  All those aboard the helicopter perished, resulting in the four cases pending before the Court.  The four decedents are Erika J. Teves-Valdez, Matthew C. Haider, Patrick J. Rader, and Daniel Maurice.  See id. at 9.

On September 3 and November 12, 2024, the parties participated in two full-day mediation sessions with mediator Michael Barcott, Esq., a Seattle-based maritime specialist.  See Plaintiff Hesia's Motion, ECF No. 75-1 at 11, 21.  The case thereafter settled.  See id. at 11.

Decedents Teves-Valdez and Haider each have minor children. Decedent Teves-Valdez has two children, C.T.V. and A.T.V., currently 9 and 7 years old respectively. See Teves-Valdez Mot., ECF No. 78-1 at 20. Plaintiff Teves-Valdez accepted $2,040,000 for Decedent Teves-Valdez's claims and agreed to allocate 20% of that amount to C.T.V. ($408,000) and 20% to A.T.V ($408,000). See id. Both children have also "received past benefits from Croman's workers' compensation carrier and will continue to receive ongoing workers' compensation benefits until they reach the age of majority." Id. at 21. The amounts of workers' compensation for each child is $103,168.00 for C.T.V. and $103,165.92 for A.T.V. See id. "In addition to those workers' compensation benefits, and with the Court's approval, C.T.V. and A.T.V.'s net allocation of the lump sum settlement after fees and costs will be $265,000.00. each." Decln of Robert Hedrick, ECF No. 78-2 at ¶ 9 (emphasis added). Plaintiff Teves-Valdez seeks approval from this Court to:

> structure each of the $265,000.00 sums by directing Croman and Sikorsky to assign their obligations to both C.T.V. and A.T.V. to the Prudential Assigned Settlement Services Corporation (PASSCorp). PASSCorp shall fund the obligation for its periodic payments by the purchase of an annuity contract from The Prudential Insurance Company of America (rated "A+" by A.M. Best and "AA-" by Standard & Poors.) Id., ¶ 11 and Exs. 2 and 3. If the Court approves Plaintiff Teves-Valdez's proposal within 60 days of December 11, 2024, PassCorp will furnish an annuity and guarantee a structured settlement transaction by which both C.T.V. and A.T.V. will receive

> benefits totaling $1,180,319.35[.]

See Teves-Valdez Mot., ECF No. 78-1 at 21.

Decedent Haider also has a minor child, D.M.H., who is currently 16 years old. See Hesia Mot., ECF No. 75-1 at 22. Plaintiff Hesia accepted $1,260,000 for Decedent Haider's claims and agreed to allocate 35% of that amount to D.M.H. ($441,000). See id. Additionally, "D.M.H. has thus far received $47,426.82 in past benefits from Croman's workers' compensation carrier and will continue to receive ongoing workers' compensation benefits until he reaches the age of majority." Id. "In addition to those workers' compensation benefits, D.M.H.'s net allocation of the lump sum settlement will be $251,625.24." Id. at 22-23. Plaintiff Hesia seeks approval from this Court to:

> structure that $251,652.24 sum with an annuity from the Metropolitan Tower Life Insurance Company ("MetLife"). MetLife is rated A+ by A.M. Best. Hillsman Decl. at Par. 11; see also Hillsman Decl., Exhibit 2. If the Court approves Plaintiff Hesia's proposal before February 25, 2025 . . . , MetLife will guarantee a structured settlement transaction by which D.M.H. will receive $395,420.33 in future payments[.]

Id. at 23.

## DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. See Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c)

6

provides, in relevant part, that a district court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem" (citations omitted)).

The Ninth Circuit cautions that district courts should "focus[] on the net recovery of the minor plaintiffs under the proposed agreement." See Robidoux, 638 F.3d at 1181. To that end, courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult

7

co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id.

The settlement as to Decedent Teves-Valdez's minor children, C.T.V. (age 9) and A.T.V. (age 7), allots each of them $408,000. See Teves-Valdez Mot., ECF No. 78-1 at 20-21. The "net allocation of the lump sum settlement for C.T.V. and A.T.V. after fees and costs will be $265,000.00. each." Decln of Robert Hedrick, ECF No. 78-2 at ¶ 9. Plaintiff Teves-Valdez seeks to structure each of the $265,000 sums by authorizing PASSCorp to purchase an annuity contract from The Prudential Insurance Company of America to fund the periodic payments. See Teves-Valdez Mot., ECF No. 78-1 at 21. If approved, "PassCorp will furnish an annuity and guarantee a structured settlement transaction by which both C.T.V. and A.T.V. will receive benefits totaling $1,180,319.35[.]" Id.

As to Decedent Haider's 16 year-old minor child, D.M.H., Plaintiff Hesia agrees to allocate $441,000 of the settlement to D.M.H. See Hesia Mot., ECF No. 75-1 at 22. D.M.H.'s "net allocation of the lump sum settlement will be $251,625.24." Id. at 22-23. Plaintiff Hesia seeks to "structure that $251,652.24 sum with an annuity from [MetLife]." Id. at 23. If approved, "MetLife will

8

guarantee a structured settlement transaction by which D.M.H. will receive $395,420.33 in future payments[.]" Id.

The claims by these minors were for wrongful death and survival damages relating to a parent's death in the helicopter crash. These cases were brought by the Decedents' personal representatives on behalf of the minor children, as is required under maritime law. See Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1041 (11th Cir. 1996) ("There is only a single claim arising from Myers' death, and it belongs to the personal representative of his estate. The beneficiaries of the estate, including the minor children, are not authorized to bring independent suits for their individual damages; rather, they must share in the single judgment, if any, obtained by the personal representative. This is true under the general maritime law[.]").

The value of these proposed settlements is typical of "recovery in similar cases." See e.g., Robidoux, 638 F.3d at 1182. See, e.g., Garlick v. Cnty. of Kern, No. 113CV01051LJOJLT, 2016 WL 8673040, at *2 (E.D. Cal. July 22, 2016), report and recommendation adopted, No. 113CV01051LJOJLT, 2016 WL 4434467 (E.D. Cal. Aug. 22, 2016) (approving under Rule 17(c) a $300,000 allocation to each of four minor children aged five through thirteen years old for wrongful death claims of their father); In re Estate of Deng, No. C 13-02659 WHA, 2014 WL 4354601, at *2 (N.D. Cal. Sept. 2, 2014) (approving under Rule

9

17(c) a $90,338.15 settlement for eight year old minor child of the decedent in an admiralty case); Reyes ex rel. Servin v. City of Pinole, No. C 12-2636 LB, 2013 WL 3157902, at *2 (N.D. Cal. June 20, 2013) (approving under Rule 17(c) a $75,000 settlement for the decedent's minor child who brought civil rights claims for his or her father's death).

Additionally, structured settlements like the ones proposed here are commonly approved under Rule 17(c). See, e.g., Gonzalez v. Chula Vista Elementary Sch. Dist., No. 21-CV-1314-L-DDL, 2024 WL 1466784, at *3 (S.D. Cal. Apr. 3, 2024) (approving under Rule 17(c) a settlement where "the proceeds will be placed in deferred annuities such that the total recovery to each Minor Plaintiff is increased"); Alter by & through Alter v. Cnty. of San Diego, No. 21-CV-01709-BLM, 2023 WL 4166096, at *6 (S.D. Cal. June 22, 2023) (approving a structured settlement annuity under Rule 17(c)); Est. of Alvarado v. Tackett, No. 13CV1202-LL, 2019 WL 4573714, at *4 (S.D. Cal. Sept. 20, 2019) (approving a structured settlement annuity under Rule 17(c)).

In light of the facts of the cases, the minors' claims, and recovery in similar cases, the Court FINDS that the settlements for each minor child discussed herein are fair and reasonable. The Court therefore RECOMMENDS that the settlements be approved pursuant to Rule 17(c). See Robidoux, 638 F.3d at 1182 (noting that the Court must determine if each settlement "is fair and reasonable in

light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases" and that, "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented").

## CONCLUSION

For the foregoing reasons, the Court FINDS AND RECOMMENDS that the following Motions be GRANTED:

(1) Plaintiff Naomi Teves-Valdez's Motions to Approve Minor Settlements, which are identified by the following ECF Nos. in each case:

    a. ECF No. 78 in Civ. No. 1:24-cv-00018-MWJS-WRP;

    b. ECF No. 59 in Civ. No. 1:24-cv-00032-MWJS-WRP;

    c. ECF No. 51 in Civ. No. 1:24-cv-00076-MWJS-WRP; and

    d. ECF No. 36 in Civ. No. 1:24-cv-00080-MWJS-WRP.

(2) Plaintiff Melissa Hesia's Motions for Approval of Minor's Compromise, which are identified by the following ECF Nos. in each case:

    a. ECF No. 75 in Civ. No. 1:24-cv-00018-MWJS-WRP;

    b. ECF No. 56 in Civ. No. 1:24-cv-00032-MWJS-WRP;

    c. ECF No. 48 in Civ. No. 1:24-cv-00076-MWJS-WRP; and

          d.  ECF No. 33 in Civ. No. 1:24-cv-00080-MWJS-WRP.

The Court is aware that Plaintiffs desire an expeditious disposition of this matter.  The parties may notify the District Judge if they have no objections to this Report and Recommendation.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, February 10, 2025.



Wes Reber Porter
United States Magistrate Judge

Teves-Valdez, et al. v. Croman Corp., et al.; Civ. No. 24-00018 MWJS-WRP (consolidated with Civ. No. 24-00032 MWJS-WRP); Teves-Valdez, et al. v. Sikorsky Aircraft Corp..; Civ. No. 24-00076 MWJS-WRP (consolidated with Civ. No. 24-00080 MWJS-WRP); FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF NAOMI TEVES-VALDEZ AND PLAINTIFF MELISSA HESIA'S MOTIONS FOR APPROVAL OF MINOR'S COMPROMISE.